State <em>vs.</em> William J. Curdy.

*Criminal Law—Evidence—Burden of Proof—Credibility—Obstruction of Justice—Testimony of Accomplices— Weight of Evidence—Reasonable Doubt.*

1. Every person charged with crime is presumed to be innocent until his guilt is established beyond a reasonable doubt.

2. The burden of proof of the commission of a crime rests upon the State.

3. The jurors are the sole judges of the credibility of the witnesses and of the weight and value of their testimony.

4. An attempt, whether successful or not, to dissuade or prevent a witness from attending or testying at the trial of a cause evidenced by distinct and unequivocal acts, is indictable as an offense.

5. The degree of credit to be given to the testimony of an accomplice is a matter exclusively for the jury.

6. The jury may convict upon the testimony of an accomplice, if they are satisfied beyond a reasonable doubt that it is true, without confirmation.

Syllabus—Charge.

7. When the evidence is conflicting, the jury should endeavor to reconcile it; if they cannot, they must determine whose testimony they deem most entitled to credit, taking into consideration all the facts and circumstances testified to by the several witnesses, their means of information and opportunity of knowing the facts of which they testify, and the manner in which they gave their testimony.

8. By a reasonable doubt is not meant a mere fanciful, vague or speculative doubt, but a substantial doubt growing out of the evidence, such a doubt as reasonable, fair-minded, conscientious men would entertain under all the facts and circumstances of the case.

Delaware cases cited: *State vs. Hunter*, 1 *Mar.* 504; *State vs. Stewart*, 6 *Penn.* 435.

(*February* 10, 1910.)

Judges Boyce and Conrad sitting.

*Josiah O. Wolcott*, Deputy Attorney-General, and *C. W. Cullen* for the State.

*John M. Richardson* and *Daniel J. Layton, Jr.*, for the defendant.

Court of General Sessions, Sussex County, February Term, 1910.

The defendant was tried at this term upon an INDICTMENT FOR ATTEMPTING TO OBSTRUCT PUBLIC JUSTICE.

BOYCE, J., charging the jury:

Gentlemen of the jury:—Every person charged with the commission of a crime, is presumed to be innocent until his guilt is established to the satisfaction of the jury beyond a reasonable doubt. And the burden of proof of the commission of the crime rests upon the State.

You are the sole judges of the credibility of the witnesses and of the weight and value of their testimony.

Charge.

The offense charged against the accused, is one of a serious character. The aim of the perpetrator, whenever the offense is attempted or committed, is to corruptly interfere with and obstruct the administration of justice. The accusation against the defendant is serious. Your duty is not less so. Indeed, in determining whether the accused is innocent or guilty you are called upon to discharge a grave public duty. You may reasonably hope to meet the full measure of your responsibility by laying aside personal sympathy on the one hand or prejudice on the other, and honestly and fearlessly decide this case on its merits as it has been presented to you by the evidence adduced from the witness stand. You should not permit any considerations whatever, not deducible from the evidence, to control you in your conclusion upon this case. In weighing the evidence in all its aspects you should take into consideration any bias or personal interest which the respective witnesses may have manifested, if any, in the result of this case.

In substance, it is charged in this indictment that William J. Curdy, the accused, did, on the 28th. day of January, A. D. 1909, in this town, unlawfully, corruptly and wickedly entice, solicit and endeavor to persuade a certain Jonathan P. Hall to abandon and withdraw himself from the jurisdiction of this Court so that he, the said Hall could not be produced as a witness in the case of the State against a certain John Barr, at the February Term, A. D. 1909, of this Court.

The State contends that the accused bribed the said Hall, by giving him fifteen dollars, to depart from the jurisdiction of this Court at the time laid in the indictment. The accused denies that he either bribed or persuaded Hall to go away.

It is not denied that Barr was held by his recognizance for his appearance to this Court at the February Term, 1909, thereof, on a charge of bribery, as alleged, in the complaint of the said Hall, and that the latter was a proposed witness, in the case, against Barr in the Court at the said February Term thereof.

The gist of the offense charged against the defendant, is the wilful and corrupt attempt to interfere with and obstruct the administration of justice. An attempt, whether successful, or

Verdict.

not, to dissuade or prevent a witness from attending or testifying upon the trial of a cause, evidenced by distinct and unequivical acts, is indictable.—29 *Cyc.* 1332; *State vs. Horner*, 1 *Mar.* 504.

The degree of credit which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury. Great caution in weighing such testimony is dictated by prudence and good reason. A jury may convict upon the uncorroborated testimony of an accomplice, yet the better rule is that conviction should not be had unless such testimony is corroborated either by direct or circumstantial evidence. A Jury may convict upon the testimony of an accomplice if they are satisfied from all the facts and circumstances of the case, beyond a reasonable doubt, that it is true, without any confirmation of such testimony. And in such a case, it would be their duty to do so.

*State vs. Stewart et al,* 6 *Penn.* 435.

When there is conflict of testimony, as in this case, you should endeavor to reconcile it if you can. If you cannot, you must determine whose testimony you deem most entitled to credit and belief, taking into consideration all the facts and circumstances testified to by the several witnesses, their means of information and opportunity of knowing the facts of which they testified, and the manner in which they gave their testimony.

If you are satisfied from the evidence beyond a reasonable doubt that the accused committed the offense charged against him, your verdict should be guilty; if, on the other hand, you are not so satisfied, your verdict should be not guilty.

By a reasonable doubt is not meant a mere fanciful, vague or speculative doubt, but a substantial doubt growing out of the evidence—such a doubt as reasonable fair-minded, conscientious men would entertain under all the facts and circumstances of the case.

With these instructions, we now submit the case to you. After you shall have carefully and conscientiously considered the evidence, produced before you, which alone, we again say to you, should control you in your determination, return to the Court with such a verdict as to you the evidence seems to warrant.

                           Verdict, not guilty.